APPEL, Justice
(concurring specially).
The result in this case is based solely on the Fourth Amendment to the United States Constitution. It is not based upon article I, section 8 of the Iowa Constitution. The sole reliance on federal law is not unreasonable because, as is demonstrated by the majority opinion, there is a large body of federal law that provides a clear path to deciding this case. When a party raises both federal and state constitutional issues, we have held that this court has the discretion to proceed first with either the federal or state issue. See State v. Pals, 805 N.W.2d 767, 772 (Iowa 2011); State v. Ochoa, 792 N.W.2d 260, 267 (Iowa 2010).
*282 I note, however, the community caretak-ing exception embraced by a majority of the United States Supreme Court in Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), is an amorphous doctrine. When the term “reasonable” is coupled with a balancing test to determine the scope of the exception, there is little basis for principled decision making and a substantial risk that the exception may engulf search and seizure law. See New Jersey v. T.L.O., 469 U.S. 325, 370, 105 S.Ct. 733, 757-58, 83 L.Ed.2d 720, 753 (1985) (Brennan, J., dissenting) (noting that the Court has an obligation to provide a framework to resolve cases beyond con-elusory recitation of the results of a balancing test); United States v. Rabinowitz, 339 U.S. 56, 83, 70 S.Ct. 430, 443, 94 L.Ed. 653, 669 (1950) (Frankfurter, J., dissenting) (“It is no criterion of reason to say that the district court must find [a search] reasonable.”), overruled on other grounds by Chimel v. California, 395 U.S. 752, 768, 89 S.Ct. 2034, 2042-43, 23 L.Ed.2d 685, 696-97 (1969).
It has been suggested that, in light of the risk of abuse inherent in the community caretaking exception, the exclusionary rule should apply to evidence seized that is unrelated to the community caretaking purpose of the stop. See Michael R. Dimi-no, Sr., Police Paternalism: Community Caretaking, Assistance Searches, and Fourth Amendment Reasonableness, 66 Wash. & Lee L.Rev. 1485, 1557-58 (2009) (citing 5 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 10.1(c), at 20 n. 67 (4th ed.2004)). At least one court in Utah has adopted a slightly different approach, namely, that in nonemergency community caretaking searches, the exclusionary rule would apply. Provo City v. Warden, 844 P.2d 360, 364 (Utah Ct.App.1992), aff'd 875 P.2d 557 (Utah 1994). We are, however, not required today to decide any questions that may be posed regarding the existence of or scope of any community caretaking exception under article I, section 8 of the Iowa Constitution. We decide only the federal constitutional question under the Fourth Amendment.
Nothing in the majority opinion should be misconstrued to suggest that we have affirmatively adopted the federal framework as the proper search and seizure framework under the Iowa Constitution in all cases. In State v. Tague, 676 N.W.2d 197, 205-06 (2004), this court, as correctly noted by the majority, cited Fourth Amendment cases in resolving a case involving “community caretaking” under the Iowa Constitution, article I, section 8. The parties in Tague, however, did not suggest that the Iowa constitutional provision required a standard different than the federal approach. Indeed, the parties did not cite the Iowa Constitution. When the parties do not advocate a different standard under the Iowa Constitution, we ordinarily adopt the federal standard, but reserve the right to apply it in a different manner, or “with teeth.” See State v. Oliver, 812 N.W.2d 636, 649-50 (Iowa 2012) (citing with approval State v. Bruegger, 773 N.W.2d 862, 880, 883 (Iowa 2009)); Pals, 805 N.W.2d at 771-72; Racing Ass’n of Cent. Iowa v. Fitzgerald, 675 N.W.2d 1, 6-7 (Iowa 2004). Of course, when the parties suggest that we depart from the federal approach to search and seizure issues under the Iowa Constitution, we are free to do so. Ochoa, 792 N.W.2d at 291 (rejecting under article I, section 8 of the Iowa Constitution the approach of Samson v. California, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), which authorized suspicionless searches of homes of parolees under the Fourth Amendment); State v. Cline, 617 N.W.2d 277, 292 (Iowa 2000) (rejecting under article I, section 8 of the Iowa Constitution the holding of United *283 States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which recognized a good faith exception to the exclusionary rule under the Fourth Amendment), overruled on other grounds by State v. Turner, 630 N.W.2d 601, 606 & n. 2 (Iowa 2001). Indeed, we “jealously” guard our right to take an independent approach under the provisions of the Iowa Constitution. Zaber v. City of Dubuque, 789 N.W.2d 634, 654 (Iowa 2010); State v. Hoskins, 711 N.W.2d 720, 725 (Iowa 2006).
Under the circumstances of Tague, where the parties did not advocate an independent standard, we cited cases using the federal standard under our state constitution not to make a deliberate choice between Fourth Amendment and other potential state constitutional approaches but because of the limited advocacy of the parties. See In re Det. of Hennings, 744 N.W.2d 333, 338-39 (Iowa 2008) (declining to consider substantive independent state standards when parties did not suggest how state standard should be different from federal model). Whether we would develop different doctrine under the Iowa Constitution for the community caretaking exception when presented with a persuasive argument is an open question that has not been addressed by the court.